**In re Bert D. and Evelyn BROWN, Debtors.**

**Bankruptcy No. 88–00679.**

United States Bankruptcy Court, N.D. Oklahoma.

Feb. 6, 1989.

James S. Matthews, Jr., Oklahoma City, Okl., for debtors.

Lonnie D. Eck, Tulsa, Okl., for trustee.

### MEMORANDUM DECISION AND ORDER

STEPHEN J. COVEY, Bankruptcy Judge.

On the 12th day of January, 1989, the Court heard the Trustee's objection to the Debtors' eligibility to proceed under Chapter 12 of the Bankruptcy Code. After considering the arguments and examining the authorities of counsel, the Court finds as follows:

The only issue before the Court is whether Debtors' gross income from their farming operation was more than 50 percent of their total gross income during the 1987 tax year, as required under 11 U.S.C. Section 101(17)(A). The Trustee admits that Debtors meet all other eligibility requirements for Chapter 12 relief.

The term "gross income" is not defined in the Bankruptcy Code, but is defined in Section 61 of the Internal Revenue Code. Courts have differed over whether tax code law should be strictly applied in determining "gross income" under 11 U.S.C. Section 101(17)(A). *In re Gossett,* 86 B.R. 941, 942 (Bankr.S.D.Ohio 1988). In this case, the Court need not decide whether a strict tax code approach should be modified or abandoned because the Court finds that, under a strict tax code approach, Debtors meet the "gross income" test.

It is undisputed that Debtors receive income from two sources: (1) wheat farming, and (2) operation of the Rawhide Bar, involving beer sales. It is also undisputed that Debtors' wheat farming qualifies as a "farming operation" under 11 U.S.C. Section 101(20), while operation the Rawhide Bar does not.

Section 61 of the Internal Revenue Code defines gross income as "all income from

whatever source derived", including "gross income derived from business". 26 U.S.C. Section 61(a)(2). Therefore, the Court must determine Debtors' gross income from their farming and bar businesses.

Treas.Reg. Section 1.61-4 governs the calculation of gross income of farmers. Debtors' joint 1987 tax return indicates that Debtors' gross income from farming was $32,000.00.

Treas.Reg. Section 1.61-3 states that gross income from a manufacturing, mining, or merchandising business is "the total sales, less the cost of goods sold, plus any income from investments and from incidental or outside operations or sources." The Rawhide Bar is a retail merchandising business.[1] Debtors' joint 1987 tax return indicates that the Rawhide Bar had total sales of $48,133.45 and that the cost of goods (i.e. beer) sold was $40,779.15.[2] Therefore, Debtors' gross income from the Rawhide Bar's beer sales was $7,354.30. In addition, Debtors reported other income to the Rawhide Bar of $3,360.18 from "Biggs Music". Debtors' total gross income for 1987 from the Rawhide Bar was therefore $10,-714.48.

Thus, Debtors' combined 1987 gross income was $42,714.48, of which $32,000.00 was derived from wheat farming and $10,-714.48 from the Rawhide Bar. Debtors' 1987 gross income from wheat farming constituted nearly 75% of their total gross income. Therefore, the Court finds that Debtors meet the definition of "family farmer" under 11 U.S.C. Section 101(17)(A) and are eligible for Chapter 12 relief.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Trustee's objection is denied and Debtors are eligible for relief under Chapter 12 of the Bankruptcy Code.

1. 1987 Tax Form 1040, Schedule C, Part IV places "drinking places (alcoholic beverages)" in the same category as other retail merchandising businesses.

2. Debtors erroneously listed cost of goods sold as deductible business expenses. However, the

Court will not deny Debtors eligibility for Chapter 12 relief because of a mistake in their tax return. Congress did not intend Debtors' skill in completing tax returns to determine their eligibility for Chapter 12 relief.